**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604
Submitted July 19, 2021*
Decided July 20, 2021

Before

DIANE S. SYKES, *Chief Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 21-1871

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

      *v.*

EDWARD BISHOP,
    *Defendant-Appellant.*

Appeal from the United States District Court for the Northern District of Indiana, South Bend Division.

No. 3:17-cr-55-RLM
Robert L. Miller, Jr., *Judge.*

**Order**

Edward Bishop sought compassionate release from prison, see 18 U.S.C. §3582(c)(1), and the district court denied that motion on April 12, 2021. Bishop had until April 26 to appeal or seek reconsideration. He did neither, though he did seek reconsideration on

---

* This successive appeal has been submitted to the original panel under Operating Procedure 6(b). We have unanimously agreed to decide the case without argument because the briefs and record adequately present the facts and legal arguments, and argument would not significantly aid the court. See Fed. R. App. P. 34(a)(2)(C).

April 30 (or April 28, per the prison-mailbox rule). The district court denied that request on May 5, and Bishop appealed on May 11.

The appeal is untimely. The United States has elected to stand on its right to have an untimely appeal dismissed, even in a criminal case.

Although the appeal might be deemed timely with respect to the order of May 5, the motion of April 30 (or April 28) was ineffectual. In civil cases, an untimely request for reconsideration can be treated as a motion under Fed. R. Civ. P. 60(b). The Rules of Criminal Procedure do not have an equivalent provision. The document that Bishop filed in late April might perhaps be understood as a new request for compassionate release, but that request would have been doomed by his failure to exhaust administrative remedies before restarting the process. It seems best to treat the late-April document as irrelevant to appellate jurisdiction and to dismiss the appeal as untimely.